# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-3984

_____

United States of America

*Plaintiff - Appellee*

v.

Billy B. Garrison

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: July 02, 2013
Filed: July 15, 2013
[Unpublished]

_____

Before LOKEN, MELLOY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Billy Garrison pleaded guilty to drug, firearm, and money-laundering charges. The district court[1] imposed a total sentence of 240 months in prison and 5 years of

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

supervised release, in accordance with a Fed. R. Crim. P. 11(c)(1)(C) plea agreement. On appeal, Garrison's counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), and Garrison has filed a pro se brief raising various challenges to his sentence.

Garrison's plea agreement contained an appeal waiver, which we will enforce, because the record shows that Garrison knowingly and voluntarily entered into the plea agreement and the appeal waiver, and no miscarriage of justice will result from enforcing the waiver. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc).

Although Garrison purports to raise a claim of prosecutorial misconduct which would fall outside the scope of the waiver, he has not explained how his allegations that the prosecutor made misrepresentations to the court had any effect on his sentence, which was the only sentence the court could impose after accepting the agreement. See Fed. R. Crim. P. 11(c)(1)(C). To the extent Garrison raises ineffective-assistance claims that would fall outside of the scope of the waiver, we decline to consider them on direct appeal. See United States v. McAdory, 501 F.3d 868, 872-73 (8th Cir. 2007).

After reviewing the record under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues outside the scope of the waiver. Accordingly, we grant counsel's motion to withdraw, and enforce the appeal waiver by dismissing the appeal.

_____